UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HUMBERTO RESTREPO, as
Chairman of the Joint Industry Board
of the Electrical Industry,

                Petitioner,

    -against-

APACHE LEGEND GROUP CORP.,

                Respondent.

**MEMORANDUM AND ORDER**
Case No. 25-CV-419 (FB) (PK)

*Appearances:*
*For the Petitioner:*
ADRIANNA R. GRANCIO
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, NY 10004

**BLOCK, Senior District Judge:**

      Humberto Restrepo, as Chairman of the Joint Industry Board of the

Electrical Industry ("Petitioner") petitions the Court to confirm and enforce an

arbitration award ("Award") against Apache Legend Group Corp. ("Respondent")

pursuant to § 502(a)(3) of the Employee Retirement Income Security Act

("ERISA"), 29 U.S.C. § 1132(a)(3), and § 301 of the Labor Management Relations

Act ("LMRA"), 29 U.S.C. § 185. Petitioner asks this Court to (i) confirm the

$106,303.97 Award, and (ii) further direct Respondent to pay $1,124.20 to

Petitioners in attorneys' fees and costs arising from this petition. We grant Petitioners' petition in full.

Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed" so long as there exists "a barely colorable justification for the outcome reached" by the arbitrator. *Id*. If a petition to confirm is unanswered, as here, the Second Circuit advises district courts to treat the unanswered petition "as an unopposed motion for summary judgment." *Id*. As such, we may not confirm the Award "without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial" and that they are entitled to judgment as a matter of law. *Id*.

Petitioners have met their burden and the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id***.** Prior to issuing the Award, the arbitrator held a hearing and determined Respondent was bound to a Collective Bargaining Agreement, Award at 1–2, ECF No. 1-8, and delinquent in making fringe-benefit contributions owed thereunder for "payroll weeks ending August 28, 2024 through December 18, 2024," *id*. at 5. Based on the record

presented, the arbitrator ordered Respondent to pay Petitioners $106,303.97 total,

consisting of $49,789.00 in delinquent contributions to the JIB and $32,549.46 to

Empower Retirement, Inc., plus $2,532.58 in underpayments, plus $1,908.72 in

interest, plus $16,974.21 in liquidated damages, plus $2,550.00 in Petitioners'

attorneys' fees administrative fees, and arbitrator fees. *Id*. at 5–6.

Where an arbitrator's award "draws its essence from the collective

bargaining agreement," *Saint Mary Home, Inc. v. Service Emp. Int'l Union*, 116

F.3d 41, 44 (2d Cir. 1997) (internal quotation marks and citation omitted), the court

must affirm the award so long as the arbitrator's decision is "plausibly grounded in

the parties' agreement." *Wackenhut Corp. v. Amalgamated Local 515*, 126 F.3d 29,

32 (2d Cir. 1997). The Award here draws its essence from the Collective

Bargaining Agreement and attendant "Arbitration Procedures" and "Collection

Policy," which establish liability for the amounts identified in the Award and entitle

Petitioner to recover for interest, liquidated damages, attorney's fees, costs, and the

arbitrator's fee. *See* Award at 3. Finding no genuine dispute as to any part of the

Award, we confirm the Award in full.

As for the fees and costs Petitioner incurred bringing this petition,

reasonable attorneys' fees and costs are recoverable under ERISA § 502(g). *See* 29

U.S.C. § 1132(g)(2)(D). Attorneys' fees should be "documented by

contemporaneously created time records that specify, for each attorney, the date,

the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148

F.3d 149, 172 (2d Cir. 1998). Petitioner's counsel provided records of the date, time

spent, and the nature of the work performed by each person who worked on the

case. The time spent—1.5 hours—and the fees charged—$410.00 per hour for a

partner, totaling $615.00—are reasonable. ECF No. 1-9. Moreover, the costs

incurred in this action include $509.20 in court filing, service, and postage fees, all

of which are reasonable expenditures recoverable under ERISA. 29 U.S.C. §

1132(g)(2)(D). We therefore find Petitioners entitled to recover from Respondent

attorneys' fees and costs in the amount of $1,124.20.

For the foregoing reasons, the Court grants Petitioners' petition in full.

**SO ORDERED.**

 /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 18, 2025

4